# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| PAMELA T. JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Civil Action No. 5:17-cv-675-CLS |
| | ) |
| WAL-MART STORES, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela T. Johnson, who is proceeding *pro se*, filed this case on April 26, 2017. She asserts claims against defendants Wal-Mart Stores, Inc., her former employer, and King Management Solutions, the company that manages the apartment complex in which she resides.[1] The case currently is before the court on both defendants' motions to dismiss.[2]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 7 (Motion to Dismiss by King Management Solutions); doc. no. 10 (Motion to Dismiss by Wal-Mart Stores, Inc.).

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alterations supplied).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "'Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760

F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia*, *Fla*., 132 F.3d 1359, 1369 (11th Cir.1998)).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff asserts that employees of King Management Solutions ("King") entered her apartment without permission, and also allowed law enforcement officers to enter the apartment, for the following purposes: causing mold to grow; taking "trinkets"; leaving lights and fans on; planting surveillance cameras; poisoning her toothpaste; emitting dangerous aerosolized gases into the air; putting chemicals in her food; waking her up in the middle of the night; sprinkling "itching powder" on her porch; and marking the walls at eye level. She also asserts that King's employees entered, and allowed law enforcement officials to enter, her automobile for the purposes of tracking her, harassing her, recording her, and removing brake fluid.

In addition, she asserts that employees of defendant Wal-Mart Stores, Inc. ("Wal-Mart") allowed law enforcement officers to stalk and chemically attack her while she was working as a Wal-Mart pharmacist. After mentioning an alleged FBI conspiracy to a Wal-Mart co-worker, plaintiff was placed on a paid six-week leave of absence, and was required to seek psychological treatment and submit to a psychological examination. That experience caused plaintiff's co-workers to verbally harass and attack her by making her feel as though she had done something wrong.

Plaintiff claims that both defendants have waged "war" on her, and violated a treaty entered into between the United States and the Osage Indian Tribal Nation, of which she is a member. She believes the intent of the harassment she has experienced to be that of causing her to commit suicide.

Plaintiff also claims that her Wal-Mart supervisor threatened her and her job if she spoke about God in the workplace. She also believes her job was threatened after she lodged a complaint with the Alabama Law Enforcement Agency.[3]

Plaintiff asserts that defendants' actions, and the wrongful actions of law enforcement agents that defendants have permitted, have violated her rights under the following provisions of the United States Constitution: Article I, Section 8; Article III, Sections 2 & 3; Article IV, Section 2; and Article VI . She also claims violations of her rights under Amendments I, IV, V, VI, VIII, XI, XIII, and XIV of the Constitution.[4] As relief for those wrongs, plaintiff seeks an injunction stopping all harassment against her on Wal-Mart premises, an injunction stopping all harassment

---

[3] Doc. no. 1 (Complaint), at ECF 6-10. "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing"). Bluebook Rule 7.1.4 allows citation to page numbers generated by the ECF header. *The Bluebook: A Uniform System of Citation*, at 21 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010). Even so, the Bluebook recommends against citation to ECF pagination in lieu of original pagination. Consequently, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings. When the court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters "ECF."

[4] *Id.* at ECF 3.

by other Wal-Mart employees (and requiring a letter of apology from everyone who has harassed her), an injunction requiring any supervisory Wal-Mart employees who have been involved in harassing her to be tried for attempted murder, and a total of a trillion dollars in compensatory and punitive damages.[5]

### III. DISCUSSION

**A.  Claims under 42 U.S.C. § 1983**

Defendants argue, and this court agrees, that plaintiff's federal claims against each of them cannot proceed because they are not state actors.  42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . [emphasis supplied]

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Defendants undisputedly are private companies, and *not* governmental entities.  It also cannot be said for purposes

---

[5] *Id.* at ECF 11.

of § 1983 that defendants were "acting under color of state law." A private person or entity acts "under color of" state law if, and only if, his or its "alleged actions are 'fairly attributable to the State.'" *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

> For a defendant's actions to be fairly attributable to the state, "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." [*Lugar*, 457 U.S. at 937]. Mrs. Harvey's complaint survives the first part of the test: her commitment at Charter was made possible by Georgia statute. Her complaint ultimately fails, however, because Charter is no state actor.
>
> *Only in rare circumstances can a private party be viewed as a* "state actor" *for section 1983 purposes*. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test. *NBC v. Communication Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir.1988).

*Harvey*, 949 F.2d at 1130 (footnote omitted, ellipsis and first alteration in original, second alteration and emphasis supplied).

> The *public function test* limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." *NBC*, 860 F.2d at 1026 (citations omitted). The *state compulsion test* limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC*, 860 F.2d at 1026 (citations omitted). The *nexus/joint action test* applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it

was a joint participant in the enterprise." *NBC*, 860 F.2d at 1026-27 (citations omitted).

*Willis v. University Health Services, Inc.,* 993 F.2d 837, 840 (11th Cir. 1993) (alteration in original, emphasis supplied).

Plaintiff's complaint does not contain any allegations that would support a claim for relief under any of these tests. Instead, plaintiff only alleges that defendants acted in their private capacities as her property manager and employer, respectively. Moreover, even though plaintiff asserts that defendants' employees allowed (or even enabled) law enforcement officers to stalk and chemically assault her, and to trespass on her property, there is no indication that either defendant's functions were sufficiently intertwined with those of government actors as to create a joint enterprise, or that any government officials have coerced or encouraged defendants to violate the Constitution, or that either defendant was carrying out functions traditionally reserved to the government. As the Eleventh Circuit has acknowledged, "'[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient. . . .'" *NBC*, 860 F.2d at 1025 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (alteration supplied). Accordingly, neither defendant was acting "under color of state law" at the time of the events leading to plaintiff's complaint, and neither can be subjected to suit under 42 U.S.C. § 1983.

Additionally, even if defendants could be considered state actors for purposes of 42 U.S.C. § 1983, plaintiff's claims still should be dismissed as implausible and frivolous. The Eleventh Circuit held in *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991), that "a district court may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Id.* at 515. The *Cofield* decision addressed the claims of a *pro se* plaintiff proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915,[6] *Cofield*, 936 F.3d at 514-15, but its holding does not need to be limited to that context. As another district court within this Circuit has held, in an unpublished but

---

[6] The relevant portion of 28 U.S.C. § 1915 is currently found at subsection (e), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). On the date of the Eleventh Circuit's decision in *Cofield,* the relevant language was found in subsection (d) of 28 U.S.C. § 1915. *See Cofield,* 936 F.2d at 515 ("A district judge, under the statute, 'may dismiss [a] case . . . if satisfied that the action is frivolous or malicious.'") (quoting 28 U.S.C.A. § 1915(d)) (alteration and ellipsis in original); *see also Rolle v. Barkett*, No. 410-CV-00153-MP-AK, 2010 WL 2402901, at *1 (N.D. Fla. June 15, 2010) ("28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.").

persuasive opinion:

> Dismissal under such circumstances has been extended to situations in which a litigant paid the court's filing fees. In such a situation, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D. N.Y.1993), *affirmed* 41 F.3d 1500 (2nd Cir.1994).
>
> > The policies arguing against *sua sponte* Rule 12(b)(6) dismissals do not apply in these circumstances. The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . . If this Court cannot order *sua sponte* dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss *sua sponte* any complaint under the Rule. I do not think that is the law.
>
> *Tyler*, 151 F.R.D. at 540. Plaintiff in the case at bar has presented conclusory allegations that are clearly baseless and are frivolous. No Defendant should be put to the expense of answering such a complaint, and there is no reason to permit Plaintiff to file an amended complaint. Therefore, summary dismissal of this action is appropriate pursuant [to] Fed. R. Civ. P. 12(b)(6).

*Rolle v. Barkett*, No. 410-CV-00153-MP-AK, 2010 WL 2402901, at *1-2 (N.D. Fla. June 15, 2010) (Paul, J.) (second alteration supplied, first alteration and ellipsis in original).

Similarly, here, plaintiff's conclusory allegations are clearly baseless, and her claims are frivolous. Because dismissal here will not be *sua sponte*, but upon motion

of the defendants, plaintiff has been provided even more process than the plaintiff in *Rolle*. There is no reason to require defendants to expend additional time and money defending against claims that cannot succeed. Moreover, there is no reason to allow plaintiff the opportunity to amend her complaint, because any amendment would be futile.

**B.     State Law Claims**

To the extent that plaintiff's complaint can be construed as asserting state law claims against defendants, jurisdiction over those claims would be based upon 28 U.S.C. § 1367, the statute governing supplemental jurisdiction over state law claims. In cases where the court's jurisdiction is based solely upon a federal question, the district court has discretion to entertain state claims that are "supplemental" to the federal claim. *See* 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction when:

    (1)    the claim raises a novel or complex issue of state law,

    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3)    *the district court has dismissed all claims over which it has original jurisdiction*, or

    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (alteration and emphasis supplied). The Supreme Court added a gloss to this statutory language in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), when observing that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant [now "supplemental"] state-law claims. When the balance of these factors indicates that a case properly belongs in state court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court *should decline* the exercise of jurisdiction by dismissing the case without prejudice.

*Id*. at 349-50 (alteration and emphasis supplied) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [now *supplemental*] jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7 (alterations supplied); *see also L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (stating that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages *or even requires* dismissal of state claims") (emphasis supplied).

Here, because all of plaintiff's federal claims have been eliminated, this court

12

will decline supplemental jurisdiction over any remaining state law claims, and will exercise its discretion to dismiss those claims.

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that both motions to dismiss are GRANTED, and all of plaintiff's claims against all defendants pursuant to 42 U.S.C. § 1983 are DISMISSED with prejudice. Any state law claims are DISMISSED without prejudice to plaintiff's right to re-file them in an appropriate state court. Costs are taxed to plaintiff. The Clerk is directed to close this file.

DONE this 22nd day of June, 2017.

_____
United States District Judge